## McCUE v. NATIONAL STARCH MANUF'G CO.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

MASTER AND SERVANT—INJURIES TO SERVANT.

Plaintiff, who was an ordinary day laborer, with no knowledge of machinery, employed in defendant's starch factory, was injured while attempting to fix machinery that was out of order.   Plaintiff testified that he was told that if anything happened to the machinery around which he worked he should repair it.   The testimony for defendant tended to show that plaintiff was told if any machinery became out of order to report to the foreman or in the machine shop.   *Held*, that it was properly left to the jury to decide on the evidence whether it was negligence for plaintiff to attempt to repair the machinery.

Appeal from circuit court, Queens county.

Action by Jerry McCue against the National Starch Manufacturing Company to recover damages for injuries received while in defendant's employ.   From a judgment entered on a verdict for $3,000 in favor of plaintiff, defendant appeals.   Affirmed.

The trial judge charged the jury in part as follows:
"This action rests upon this principle:   This is a laborer, working by the day, ignorant of machinery; and the question is, did this company, the master, through its agents, tell him to fix the machinery when it became out of order, and did they fail to instruct him as to its dangers?   He says they did.   Now, the whole action rests there.   Did they put the duty upon a laborer, ignorant of mechanics, to repair machinery, and did they fail to tell him of the dangers of doing it?   If you find that they did, this plaintiff is entitled to recover compensation at the hands of this employer.   But if he was not told to repair such things as these

when they became out of order, if he was told to go to the machinist's office and report, and he then undertook of his own notion to put this pin in while the power was upon it, and was thus injured, he must bear the loss. This whole conflict is addressed right to that question of fact. You are to determine it. If you find that they put this duty upon him, being ignorant, without instructions as to the danger, and he was injured thereby, the company is liable so far. Is there negligence proved against the company? If not, there is no verdict for the plaintiff possible in the case. Now, the plaintiff owed a duty. Where an employe is injured by the neglect of the master, you must find, in addition, that he did nothing that he should not have done, on the occasion in question, which contributed to the injury. His duty was to furnish that care, prudence, caution, and anticipation of danger, in the circumstances in which he was placed, that you would expect from a man of ordinary prudence. If he failed in that, he cannot recover, no matter how negligent the company may have been. But if he furnished the prudence of an ordinary prudent man on the occasion, and the master was negligent, he is entitled to recover compensation for the injury."

Argued before DYKMAN and PRATT, JJ.

E. T. Payne, (Henry A. Monfort, of counsel,) for appellant.
Benjamin W. Downing, for respondent.

PRATT, J. The judge's charge correctly stated the rules of law upon which the case depends. The request of defendant that the jury be charged that it was negligence for plaintiff to attempt to repair the machinery was properly denied. Upon that question evidence had been given, and it was properly left to the jury to pass upon its weight. The testimony was in conflict upon many points, but the questions were for the jury, and we cannot interfere with their determination.

Judgment affirmed, with costs.